IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LENG MOUA, <br><br>　　　　　　Petitioner, <br><br>　vs. <br><br>EARL L. HOUSER, Superintendent III, <br>Goose Creek Correctional Center, <br><br>　　　　　　Respondent. | No. 3:20-cv-00062-JKS <br><br>MEMORANDUM DECISION |

Leng Moua, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Moua is in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at Goose Creek Correctional Center. Respondent has answered, and Moua has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

Moua was charged with first- and second-degree murder after he stabbed and killed his "cultural wife" in their home following several hours of heated argument. Moua did not deny that he had stabbed the victim, but argued at trial that he had acted spontaneously, in the heat of passion, and urged the jury to convict him of manslaughter rather than murder. In support of that defense, he presented the testimony of expert psychologist Dr. Jennifer Beathe. The prosecution argued that Moua as not entitled to the heat of passion defense because: 1) there was a

-1-

reasonable opportunity for Moua's passion to cool; and 2) the victim's actions did not constitute serious provocation.

At the conclusion of trial, the jury found Moua guilty as charged. The counts were merged for sentencing and Moua was sentenced to serve 60 years' imprisonment (90 years with 30 years suspended) for first-degree murder.

Through counsel, Moua appealed his conviction, arguing that the jury was not properly instructed as to various aspects of his heat of passion defense. The Alaska Court of Appeals unanimously affirmed Moua's conviction in a reasoned, unpublished opinion issued on January 4, 2012. *State v. Moua*, No. A-10336, 2012 WL 10948 (Alaska Ct. App. Jan. 4, 2012). The record does not indicate that Moua filed a petition for hearing in the Alaska Supreme Court.

In December 2012, Moua filed a timely *pro se* application for post-conviction relief. *Moua v. State*, 3AN-12-11558. Moua requested counsel, and the Public Defender Agency was appointed to represent him. Appointed counsel filed an amended application for post-conviction relief in November 2015. Of relevance here, the amended application alleged that trial counsel was ineffective for failing to adequately prepare and examine Dr. Beathe. According to Moua, Dr. Beathe lacked knowledge of the relevant standards of the heat of passion defense, and was unable to tailor her testimony to that theory of defense. Moua's post-conviction counsel filed an affidavit by trial counsel responding to the charges in the post-relief application and stating that the expert was prepared and understood the theory of the case. Respondent moved to dismiss the amended application on the ground that Moua failed to state a *prima facie* claim for relief. The superior court agreed that Moua failed to state a *prima facie* claim for relief as to all of his claims, and dismissed the application in its entirety without holding an evidentiary hearing.

Through counsel, Moua appealed the denial to the Alaska Court of Appeals, raising only his claim that counsel was ineffective for failing to adequately prepare Dr. Beathe. The Court of Appeals unanimously affirmed the judgment of the superior court in a reasoned, unpublished opinion issued on November 6, 2019. Docket No. 10-5.

Moua timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court dated March 4, 2020. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1),(2).

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Moua argues, as he did by post-conviction relief application in the state courts, that trial counsel rendered ineffective assistance by failing to adequately prepare the defense psychological expert on the heat of passion defense.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

-3-

power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A. *Ineffective Assistance of Counsel*

In his *pro se* Petition before this Court, Moua argues, as he did by post-conviction relief application in the state courts, that trial counsel rendered ineffective assistance by failing to adequately prepare the defense psychological expert on the heat of passion defense. To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must

-4-

show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice standard is applied and federal courts do not engage in a separate analysis applying the *Brecht* harmlessness standard. *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

Thus, Moua must show that trial counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

The Ninth Circuit remains sensitive to the issue of retaining and consulting with defense experts. *See, e.g.*, *Weeden v. Johnson*, 854 F.3d 1063, 1070-71 (9th Cir. 2017) (holding that trial counsel was deficient in failing to seek psychological evaluation about effect of petitioner's youth on her mental state); *Richter v. Hickman*, 578 F.3d 944, 953-54 (9th Cir. 2009) (en banc) (trial counsel's failure to consult an expert in blood evidence constituted ineffective assistance), *rev'd by Harrington v. Richter*, 562 U.S. 86 (2011). The cases finding ineffective assistance based on defense counsel's failure to consult with an expert or offer expert testimony appear to involve situations where the prospective defense expert testimony would: 1) exonerate the defendant; 2) conflict with powerful expert testimony offered by the Government; 3) significantly weaken adverse Government expert testimony; and 4) aid in preparing defense counsel's cross-examination of the adverse Government expert testimony.

Here, however, Moua's claim is not that trial counsel was ineffective for failing to consult an expert, and he has never argued that a different expert should have been hired. He argues instead that counsel inadequately prepared the expert by failing to explain the legal principles of the heat of passion defense. According to Moua, the defense expert was inadequately prepared because she did not specifically testify using the legal terms "heat of passion" or "serious provocation" and testified on cross-examination that she could not define murder "verbatim" and that she and trial counsel had not discussed the heat-of-passion defense "in great detail."

But as the Court of Appeal noted in affirming the Superior Court's denial of Moua's post-conviction relief application:

> Moua's trial attorney submitted an affidavit in response to Moua's allegations. In her affidavit, the trial attorney stated that the expert was prepared and understood the theory of the case. Although she no longer specifically remembered doing so, the attorney believed that she did discuss with the expert the different degrees of homicide, as well as the definitions of "heat of passion" and "serious provocation."

As he did on direct appeal, Moua argues to the contrary only by reference to the expert's trial testimony. But independent review of the expert's testimony at trial supports the Court of

-6-

Appeals' conclusion that the expert "was prepared and that the defense attorney had adequately presented the heat-of-passion defense." Moua's lack of evidentiary support that the expert was ill-prepared is fatal to his claim. *Woodford v. Visciotti*, 537 U.S. 19, 15 (2002) (*per curiam*) (holding that state habeas petitioner carries the burden of proof). As the Court of Appeals reasonably explained:

> The purported deficiencies that Moua identifies in the expert's testimony are not the sort of deficiencies that would give rise to an inference that the expert was unprepared. Nor has Moua provided any other evidence contradicting the trial attorney's assertions that she *did* adequately prepare the defense expert. Given this record, we agree with the superior court that dismissal was appropriate. The superior court was not required to credit Moua's own conclusory assertions that his attorney's preparation of the defense expert was incompetent when there was no actual evidence supporting that conclusion.

The Court of Appeals' conclusion is fully supported by the record. The record reflects that, although Dr. Beathe did not use the specific legal terms relating to the heat-of-passion defense, she opined in a manner consistent with that defense:

> Well, my opinion . . . is that Mr. Moua was engaged in a prolonged, escalated argument over hours on the night of the stabbing, and it involved very sensitive and provocative topics for—for any domestic couple. Issues related to former spouses, former lovers, issues related to money, issues related to parenting, issues related to perceived contribution to the household, very sensitive topics. The discussion of possibly ending the marriage . . . was discussed. Threats were made . . . by Ms. Lee to Mr. Moua to make him functionally homeless, to send him to jail for the rest of his life, which has different speculative meanings. Either way, very provocative threats were made towards Mr. Moua and the intensity and the duration of the arguing over . . . the length of the day and evening, I believe, made him absolutely vulnerable to impulsive action. I believe that he was flooded with emotion, anger alternating with rejection.
> When someone endures that level of stress and emotion over a long period of time, . . . what it does psychologically, is it makes one vulnerable or weak towards impulsive action. It impairs one's judgment. It impairs one's ability to reason. And when one becomes—and I believe that he became flooded with emotion and acted impulsive—acted impulsively in that moment.

Docket No. 10-7 at 27-28.

It therefore cannot be said that the state courts' denial, without holding an evidentiary claim, is unreasonable or contrary to federal law. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (evidentiary hearing is not required if the record refutes the habeas petitioner's factual allegations or otherwise precludes relief).

-7-

To the extent Moua faults post-conviction counsel for the lack of evidentiary support, while the Court sympathizes with his concerns, he is not entitled to relief, nor is further action on his case warranted. Notably, the State of Alaska allows successive post-conviction relief applications under *Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003).[1] Under *Grinols*, an Alaska defendant can file a second post-conviction relief application alleging that the initial post-conviction relief attorney was ineffective. *Id.* Theoretically, this Court could issue a stay in these proceedings to allow Moua to pursue a *Grinols* application alleging ineffective assistance of post-conviction counsel[2] and come back to this Court in the event an adverse determination follows.

But district courts have the authority to issue such stays only "where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Under *Rhines*, a district court may stay a federal habeas petition to allow state court exhaustion if: 1) good cause exists for failure to have first exhausted the claims in state court; 2) the claim or claims at issue potentially have merit; and 3) the petitioner has not intentionally delayed pursuing the litigation. *Id.* at 277-78.

Moua fails to show, however, that a stay is warranted here. Although the Ninth Circuit has held that ineffective assistance of appellate or post-conviction counsel may constitute good cause under *Rhines*, bald assertions, without more, are insufficient to demonstrate the requisite ineffective assistance. *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). Here, Moua provides nothing more than his assertions that his expert was underprepared, and thus fails to provide evidence that appellate or post-conviction counsel was ineffective in how she raised that claim.

---

[1] The Alaska Court of Appeals held in *Grinols* that "a defendant may be entitled to relief if they can later prove that their [first] post-conviction relief attorney's performance was not competent, and they must be allowed an opportunity to present this claim in a second petition for post-conviction relief." *Grinols v. State*, 10 P.3d 600, 618 (Alaska App. 2000), *aff'd*, 74 P.3d 889.

[2] Under Alaska law, it appears that Moua is entitled to file a *Grinols* application in state court if he so desires, regardless of what happens in these proceedings. The Court expresses no opinion as to such application's likelihood of success.

Indeed, Moua provides no reason to believe that evidence even exists that his expert was underprepared. His bare allegation that she was is wholly insufficient to establish the requisite good cause or potential merit required to warrant a *Rhines* stay. Moua is thus not entitled to habeas relief, nor is he entitled to an order staying the Petition and holding it in abeyance.

B.     *Requests Raised in the Traverse*

In his Traverse, Moua states that his "skeletal form of a habeas petition is clear indication to this court that a lawyer is required to file an amended petition to avoid manifest injustice in this case." Docket No. 13 at 1. The Court notes, however, that it has access to and has reviewed his underlying case record, including the transcripts of Dr. Beathe's testimony, and the counseled petition for post-conviction relief he filed in the Anchorage Superior Court, as well as the counseled appellate brief in the Alaska Court of Appeals challenging the denial of the post-conviction application. Moua has now been represented by two attorneys with respect to his ineffective assistance claim. Moua fails to show that the interests of justice require this Court to appoint a third such attorney. Accordingly, the Court will not reconsider its prior orders at Docket Nos. 5 and 9 denying Moua's request for the appointment of counsel in these proceedings.

Moua also states in the Traverse that he "would like this court to hear from him in person." Docket No. 13. To the extent such statement may be construed as a request for an evidentiary hearing in this Court, the Court determines that such hearing is not warranted. A district court may not hold an evidentiary hearing on a claim for which a petitioner failed to develop a factual basis in state court unless the petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

Where the failure to develop the factual basis for the claim in the state court proceedings is not attributable to the petitioner, to receive an evidentiary hearing, the petitioner must make a colorable claim for relief and meet one of the factors set forth in *Townsend v. Sain*, 372 U.S. 293 (1963). *Insyxiengmay v. Morgan*, 403 F.3d 657, 670-71 (9th Cir. 2005). In *Townsend*, the Supreme Court concluded that a federal habeas petitioner is entitled to an evidentiary hearing on his factual allegations if: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. *Id.* at 670 (quoting *Townsend*, 372 U.S. at 313), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superseded by statute as stated in Williams v. Taylor*, 529 U.S. 420 (2000).

As discussed above, Moua has failed to assert a colorable claim for relief. *See Bashor v. Risley*, 730 F.2d 1228, 1233 (9th Cir. 1984) (holding an evidentiary hearing is not required on issues which can be resolved on the basis of the state court record). Because he does not cite to new laws or underlying facts that were not developed on the record before the state courts with respect to this claim, he has also failed to satisfy his burden of proof under 28 U.S.C. § 2254(e)(2), he is not entitled to an evidentiary hearing in this Court either.

V. CONCLUSION AND ORDER

Moua is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: July 27, 2020.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge